## SMITH et al. v. FLETCHER.

### No. 8968.

United States Court of Appeals
District of Columbia.

Argued October 26, 1945.

Decided December 3, 1945.

Mr. Raymond C. Cushwa, of Washington, D. C., for appellants.

Mr. Jacob N. Halper, of Washington, D. C., for appellee.

Before EDGERTON, WILBUR K. MILLER, and PRETTYMAN, JJ.

PER CURIAM.

This is an appeal from a judgment for the defendant, after trial by the court without a jury, in a suit between lawyers for a division of fees. The client's contract was made with appellee. The disputed question was whether appellee made an oral contract with appellants to divide the fee with them. The evidence was in conflict. The court found "upon a consideration of all the evidence in the case that the * * * plaintiffs have not sustained the burden of proof in attempting to establish their claim." Though the court erroneously called this finding of fact a conclusion of law, this circumstance does not require us to reverse the judgment since it does not prevent us from understanding the basis and theory of the judgment.

Federal Rules of Civil Procedure, Rule 52 (a), 28 U.S.C.A. following section 723c provides: "Findings of fact shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge of the credibility of the witnesses." We are not prepared to say that the court's finding in favor of appellee was clearly erroneous.

Appellants say that one of the court's underlying findings, viz., "There is nothing in any reply to [a certain] letter asserting a claim based upon an equal division of the fee," is contrary to the undisputed testimony. But we take this finding to mean no more than that appellants, to whom appellee wrote the letter in question, did not write to him any reply asserting their claim. Accordingly the finding is not contradicted by testimony that appellants (1) replied to appellee by telephone and (2) sent appellee a copy of a letter which they wrote to the client, in each instance asserting a claim to an equal division of the fee.

We need not consider the correctness of the court's opinion that the asserted agreement, if it had been made, would not have been enforceable.

Affirmed.